FILED

APR – 1 2020

CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

RECEIVED

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

2020 MAR 32  A 8: 04

CLERK US DISTRICT COURT
ALEXANDRIA, VIRGINIA

JAMES TOLLE,

    Plaintiff,

    v.

GOVERNOR RALPH NORTHAM and the COMMONWEALTH OF VIRGINIA

    Defendants.

Civil Action No.

COMPLAINT

1: 20CV363  LMB/MSN

---

Plaintiff James Tolle (hereinafter "Tolle" or "Plaintiff"), *pro se* for his Complaint against Defendants Governor Ralph Northam and the Commonwealth of Virginia (hereinafter "Defendants", individually and/or together),  alleges as follows:

### NATURE OF CLAIMS

1.    This is an action for damages brought pursuant to 42 U.S.C § 1983 for injury and damages caused Tolle and other United States citizens due to violation of their civil rights and rights of American citizens guaranteed by the First, Fourth and Fourteenth Amendments of the United States Constitution.  The claims related to the causes of action are as follows:

a)  Defendant Governor Northam  signed and issued Executive Order Number Fifty-Five (2020) which seeks to explicitly prohibit the execution of several Constitutional rights of all United States citizens within the Commonwealth of Virginia, an order which makes Tolle's exercise of such rights a criminal offense;

b) Defendant  Governor  Northam's  executive  order  exceeds  the  authority  under Virginia's constitution and the statutes of the Constitution of Virginia, such abuse of his authority causing  direct  harm  to  Tolle's  exercise  of  his  rights  and  freedoms  under  the  United  States Constitution.

1

## JURISDICTION AND VENUE

2.      This action is within the jurisdiction of this Court, pursuant to 28 U.S.C. § 1331 for actions violating the Constitution of the United States and arising under the laws of the United States.

3.      Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2), insofar as Tolle is a resident of this judicial district and the substantial part of the Defendants' denial of Tolle's rights giving rise to Tolle's claims occur in this judicial district.

## PARTIES

4.      Tolle was/is a resident of the Commonwealth of Virginia and at all material times hereto was/is a resident of the city of Manassas, Virginia, which is within the judicial district of this Court.

5.      Tolle was a practicing member in lay ministry at his Church in Gainesville Virginia until Defendant Northam's social distancing orders caused Tolle's Church to stop offering public services.

6.      At all material times hereto, Defendant Ralph Northam was/is the Governor of Virginia.  At all material times hereto, Defendant Ralph Northam, serving in the office of Governor of the Commonwealth of Virginia, acting in his official capacity and not acting as a private person.

## SERVICE BY UNITED STATES MARSHALL

7.      Plaintiff respectfully requests the Court order service of Plaintiff's complaint on Defendants by United States Marshall pursuant to  Fed. R. Civ. P. 4(c)(3).  Plaintiff requests such service due to the fact that Defendant Northam's order under EO-55 and the subsequent State of Emergency in Virginia has closed government offices which will make it difficult to serve Defendants.  Furthermore, it is unclear if any civilian process server could leave his or her

residence to perform service on behalf of Plaintiff under the restrictions on travel imposed by Defendant Northam's orders under EO-55.  Plaintiff has contacted one process server in Richmond, Virginia, for the purpose of serving Defendants at the government offices in the Capital, but the process server's reply stated: "I was told that that building was closed to the public.  If you want me to take a chance you can send it [the summons] to me."  Due to the hardship imposed by the Defendant Northam's actions and orders and the difficulty to find civilian process servers who can effect service, Plaintiff respectfully requests the Court order the United States Marshall to serve Plaintiff's complaint for this case on Defendants.  Additionally, Plaintiff is seeking an accompanying motion for the Court to grant an immediate Preliminary Injunction against the Defendants, so it would serve the interests of justice for the Court to allow the United States Marshall to serve notice of this case on Defendants by the most expeditious means possible.

<u>LEAVE OF COURT REQUESTS</u>

8.      Tolle is a *pro se* plaintiff who has never had a complaint heard in this Court prior to the present complaint.  Tolle respectfully requests leave of the Court to consider the present complaint despite any non-material errors in the present complaint, including any typographical errors, errors in format or length, or any other errors which make the present complaint non-compliant with the rules of the Court, which is requested in order to serve the interests of justice and to avoid injury to Plaintiff's due process rights.  In particular, if the complaint is non-conforming to any limits on page length, the leave of the Court is respectfully requested to allow all of the pages in the present complaint as the Plaintiff requires a complaint of this length in order to include all of the causes of action necessary and to properly state all claims with the sufficient factual allegations, which is requested in order to serve the interests of justice and to allow Tolle all rights to due process.

3

9.     Tolle respectfully requests leave of the Court to cure any error or defect in service related to this complaint prior to final consideration of Plaintiff's complaint, which is requested in order to serve the interests of justice and to avoid injury to Plaintiff's due process rights.

10.     Tolle respectfully requests leave of the Court to correct any other errors found in the present complaint and cure any other defects or omissions by amendment prior to final consideration of Plaintiff's complaint by the Court, which is requested in order to serve the interests of justice and to avoid injury to Plaintiff's due process rights.

FACTUAL ALLEGATIONS

**Declaration of National Emergency due to Corona Virus**

11.     On or around March 13, 2020, President Trump issued the Proclamation on Declaring a National Emergency Concerning the Novel Coronavirus Disease (COVID-19) Outbreak (hereinafter, the "Declaration of National Emergency"). Upon information and belief, this declaration does/did not authorize Defendants' actions which have violated Tolle's Constitutional rights. Specifically, the Declaration of National Emergency stated: "This proclamation shall be implemented consistent with applicable law and subject to the availability of appropriations."

12.     On or around March 16, 2020, the Whitehouse and Centers for Disease Control issued the "President's Coronavirus Guidelines for America 15 Days to Control the Spread" (hereinafter, the "President's Guidelines). Upon information and belief, the President's Guidelines are non-binding rules recommended for voluntary action by States and the American people. Upon information and belief, the President's Guidelines did not/do not require any specific action by Defendant Governor Northam or any other Virginia official. Upon information and belief, the President's Guidelines do not contain any medical recommendations which would apply to healthy people or people infected by the COVID-19 virus. Upon information and belief,

4

the President's Guidelines do not make any actions by the American people a criminal offense

13.    On or around March 17, 2020, over 1 million people gathered together in groups often greater than 10 people to conduct the Democratic primary elections in Florida, Arizona and Illinois.  Upon information and belief, the President's Guidelines did not see a significant threat from COVID-19 such that the President's Guidelines were used to prevent these people from carrying out their Constitutional right to travel assemble and vote.  Upon information and belief, Defendant Northam never made any public statement expressing concern for the citizens of these other states so flagrantly exceeding the restrictions suggested by the President's guidelines.

14.    Upon information and belief, there is no consensus of medical science that shows that healthy people or people who appear healthy and do not have symptoms can communicate the virus to others in close contact less than six feet apart.  Upon information and belief, Defendant Northam's orders and actions are not based on a consensus of medical science about the modes of transmission of COVID-19.

15.    On or around February 7, 2020, the Director of the National of Allergy and Infectious Disease, Dr. Anthony Fauci stated that the basis of his belief that a person appearing healthy may transmit the COVID-19 virus was from anecdotal reports from the Chinese, stating: "I made a call to a person who I know very well who is a highly respected scientist and publich health official in China, and I said, it's important for us to get the answer...can an asymptomatic person transmit it? [they said] Absolutely, we've seen it...it's not driving the outbreak, but it occurs."

16.    According to the public information at the Centers for Disease Control (hereinafter, "CDC"), the consensus of current medical science believes that the main mode of transmission of the COVID-19 virus is through contact with persons who have symptoms, which is stated on the CDC's "How Coronavirus Spreads" website as follows:

> "The virus is thought to spread mainly from person-to-person.
- Between people who are in close contact with one another (within about 6 feet).
- Through respiratory droplets produced when an infected person coughs or sneezes."

17.     According to the public information at the CDC, the consensus of medical science has not shown that the transmission of COVID-19 from a healthy person or an asymptomatic person who may have the virus is a definite mode or threat of transmission, with the "How Coronavirus Spreads" website stating:

> "People are thought to be most contagious when they are most symptomatic (the sickest)
> Some spread might be possible before people show symptoms...but this is not thought to be the main way the virus spreads."

18.     On or around March 20, 2020, Dr. Fauci stated "It's still not quite clear...." when asked about the CDC's science behind his belief that COVID-19 can be transmitted by asymptomatic individuals.

**Governor's Executive Order Number Fifty-Five (2020)**

19.     Defendant Northam signed and  issued Executive Order Number Fifty-Five (2020) (hereinafter, "EO-55") on or around March 30, 2020.

20.     EO-55 states it "shall be effective March 30, 2020...and shall remain in full force and in effect until June 10, 2020...."

21.     Upon information and belief, EO-55 requires all individuals in Virginia to remain in their place of residence and only allows individuals to leave their residences for the purpose of:  obtaining essential services, seeking medical or other essential services, taking care of individuals or animals, court ordered travel, outdoor activity while staying at least six feet from any other person, traveling to place of worship, work or school, volunteering to help charitable services, or due to fear of health or safety or upon direction by a government representative.

22.     EO-55 states:  "To the extent individuals use shared or outdoor spaces...they must at all times maintain social distancing of at least six feet from any other person...."

6

23.     In paragraph 2, EO-55 prohibits: "All public and private in-person gatherings of more than ten individuals....This includes parties, celebrations, religious or other social events, whether they occur indoor or outdoor".

24.     In paragraph 5, EO-55 orders the closure "of all public beaches...for all activity, except exercising and fishing."

25.     EO-55 states:  "Violation of paragraphs 2, 3, 4, and 5 of this Order shall be a Class 1 misdemeanor pursuant to § 44-146.17 of the *Code of Virginia*."

26.     Upon information and belief, the powers which Defendant Northam's orders under EO-55 have granted government authorities to act against and restrain United States citizens is unprecedented in American history.  These actions and orders of Defendant Northam are far greater than any previous actions under emergency powers or during time of national emergency, at least since the unconstitutional involuntary internment of Japanese-American citizens under President Roosevelt.  Furthermore, Defendant Northam's actions and orders under EO-55 are far more sweeping and abusive than any quarantine powers used by elected officials in all of the history of our Republic because Defendant Northam's orders are the first time that the quarantine power has been used against innocent, healthy citizens who are located in any part of Virginia, even in locations which do not show any evidence of the disease.


## CAUSES OF ACTION

### AS AND FOR A FIRST CAUSE OF ACTION

#### VIOLATION OF FIRST AMENDMENT'S FREE EXERCISE OF RELIGION

27.     Tolle re-alleges and incorporates the above allegations of this complaint as if set forth fully herein.

28.     The First Amendment of the United States Constitution states "Congress shall

make no law respecting an establishment of religion, or prohibiting the free exercise thereof...."

29.    42 U.S.C § 1983  states:  "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress...."

30.    Defendant Northam's order under EO-55 prohibits the free exercise of religion by United States citizens in Virginia by prohibiting  all "public and private in-person gatherings of more than ten individuals....", explicitly including "religious or other social events, whether they occur indoor or outdoor".   Furthermore, Defendant Northam's order makes it a crime to exercise one's religion in violation of his prohibitions.  This is substantiated by facts in paragraphs 23 and 25.

31.    Defendant Northam's order under EO-55 was/is a regulation, custom or usage which causes Tolle and every United States citizen in Virginia to be deprived of his or her right to exercise his or her religion, even in settings where all individuals appear healthy or individuals are observing a safe distance of 6 feet separation, such right, privilege or immunity being explicitly guaranteed by the First Amendment of the United States Constitution.  Tolle's Church has already stopped offering public services because of Defendant Northam's orders.  Furthermore, Defendant Northam's order under EO-55 was/is an action under the color of statute or ordinance which violates Tolle's Constitutional rights because Defendant Northam's order makes it a crime under § 44-146.17 for an individual to violate his order.  This is substantiated by facts in paragraph 5, 23 and 25.

32.    Defendants' orders under EO-55 which prohibit the exercise of religion under the

United States Constitution disproportionately deprive healthy people of their rights and are an unreasonable restriction on the religious rights of citizens to practice their religion because there is no consensus in medical science that persons not showing symptoms can endanger others or transmit the COVID-19 virus. Defendant Northam's orders under EO-55 are unnecessary since citizens can reasonably ensure that people without symptoms or those who are most vulnerable to the COVID-19 virus are not present in any gathering for religious purposes and it is possible for the government to find other means to protect the health and safety of citizens without depriving them of their Constitutional rights. Defendant Northam's orders under EO-55 are also an unnecessary intrusion on the rights of citizens because by prohibiting all gatherings inside and outside, it ignores the fact that many locations inside and outside provide the space for religious gatherings to allow a safe separation of over 6 feet between citizens and thereby abide by the President's Guidelines. This is substantiated by facts in paragraphs 12, 13, 14, 15, 16, 17, and 18.

33.    Defendant Northam's orders under EO-55 are arbitrary and unprecedented because they ignore the fact that the President's guidelines did not restrict people's right to travel and assemble during the Democratic primaries in three states after the President's Guidelines were released and Defendant Northam's support of allowing persons to exercise their right to travel and assemble for his Democratic party events while restricting the right of healthy Virginians to travel and assemble for rights guaranteed under the United States Constitution which are just as sacred as Democratic party primary voting is to our nation is hypocritical, arbitrary and shows how unnecessary Defendant Northam's orders under EO-55 are. Furthermore, Defendant Northam's orders under EO-55 are arbitrary and subjectively punish a vast number of citizens because Defendant Northam's orders impose moral values on the subjects of his order based on Defendant Northam subjective moral judgment, such as making

exceptions for some activities on public beaches while prohibiting others; such as making a moral evaluation that religious gatherings are not as essential as voting in primaries.   This is supported by the facts in paragraph 13, 14, 23, 24, 25 and 26.

*Claim related to First Cause of Action*

34.    **For these reasons, Defendant Northam's actions and the Commonwealth's actions which issued Defendant Northam's EO-55 orders were actions under color of statute, ordinance, regulation, custom, and/or usage, of the State organized as the Commonwealth of Virginia, which subjected (or subjects), or caused (or causes) to be subjected, Tolle and all other citizens of the United States or other persons within the jurisdiction of Virginia to the deprivation of the rights, privileges, or immunities secured by the First Amendment of the Constitution. Such actions of Defendants' are a violation of 42 U.S.C § 1983 which have caused Tolle to suffer injuries and damages, including, but not limited to, loss of right to exercise his Constitutionally protected rights, liberties and freedoms, loss of right to use his property as desired, and other damages in an amount to be proved at trial according to proof, including but not limited due to, damage to his reputation, injury to his profession and business, emotional harm, and exposure to distrust, contempt, and unfair treatment.**

35.    If the facts presented in this First Cause of Action are taken as true, it is probable that the Defendant Northam's orders under EO-55 prohibits the exercise of religion of Tolle and all other healthy United States citizens in Virginia without a consensus of medical science justifying action against healthy citizens.  Based on the fact that the pleaded factual content should allow the Court to draw a reasonable inference that Defendants' actions in ordering EO-55 or carrying out EO-55 were/are actions under color of a regulation, custom, and/or usage, of the Commonwealth of Virginia which serves to deprive Tolle and other citizens in Virginia the

rights, privileges and immunities secured by the First Amendment of the United States Constitution, the claims included within this First Cause of Action are based on non-conclusory statements of fact and are facially plausible.

36. Tolle requests award of attorney's fees pursuant to 42 U.S.C § 1988.

## AS AND FOR A SECOND CAUSE OF ACTION

### VOLATION OF FIRST AMENDMENT'S RIGHT TO ASSEMBLE

37.    Tolle re-alleges and incorporates the above allegations of this complaint as if set forth fully herein.

38.    The First Amendment of the United States Constitution states "Congress shall make no law...abridging...the right of the people peaceably to assemble...."

39.    42 U.S.C § 1983 states: "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress...."

40.    Defendant Northam's order under EO-55 prohibits all "public and private in-person gatherings of more than ten individuals....", explicitly including "whether they occur indoor or outdoor" and makes it a crime if individuals violate this order.  This is substantiated by facts in paragraph 23 and 25.

41.    Defendant Northam's order under EO-55 abridges the ability of persons to assemble by requiring no persons to come less than six feet apart: "To the extent individuals use shared or outdoor spaces...they must at all times maintain social distancing of at least six feet

from any other person...."  This is substantiated by facts in paragraph 22.

42.    Defendant Northam's order under EO-55 was/is a regulation, custom or usage which causes Tolle and every United States citizen in Virginia to be deprived of his or her right to freely gather or assemble, even in settings where all individuals appear healthy or individuals are observing a safe distance of 6 feet separation, such right, privilege or immunity being explicitly guaranteed by the First Amendment of the United States Constitution.  Furthermore, Defendant Northam's order under EO-55 was/is an action under the color of statute or ordinance which violates Tolle's Constitutional rights because Defendant Northam's order makes it a crime under § 44-146.17 for an individual to violate his order.  This is substantiated by facts in paragraph 23 and 25.

43.    Defendant Northam's actions and orders under EO-55 directly and unreasonably restrict the Constitutional rights of Tolle and other Virginians because his orders make it a crime for persons who express political opposition to Defendant Northam's actions to gather more than 10 persons in any place throughout the entire Commonwealth of Virginia to publicly express their political opposition.  This is supported by the facts in paragraphs 23 and 25.

44.    Defendants' orders under EO-55 which abridges the rights of citizens in Virginia to gather and come within 6 feet of each other under the United States Constitution disproportionately deprive healthy people of their rights and are an unreasonable restriction on the right of citizens to assemble because there is no consensus in medical science that persons not showing symptoms can endanger others or transmit the COVID-19 virus.  Furthermore, defendant Northam's orders under EO-55 which prohibit the gathering of more than 10 people, even outside, are unnecessary since citizens can reasonably ensure that people without symptoms or those who are most vulnerable to the COVID-19 virus are not present in any gathering and it is possible for the government to find other means to protect the health and safety of citizens

without depriving them of their Constitutional rights.  Defendant Northam's orders under EO-55 are also an unnecessary intrusion on the rights of citizens because by prohibiting all gatherings inside and outside, it ignores the fact that many locations inside and outside provide the space for gatherings to allow a safe separation of over 6 feet between citizens and thereby abide by the President's Guidelines.  This is substantiated by facts in paragraphs 12, 13, 14, 15, 16, 17, and 18.

45.    Defendant Northam's orders under EO-55 are arbitrary and unprecedented because they ignore the fact that the President's guidelines did not restrict people's right to travel and assemble during the Democratic primaries in three states after the President's Guidelines were released and Defendant Northam's support of allowing persons to exercise their right to travel and assemble for his Democratic party events while restricting the right of healthy virginians to travel and assemble for rights guaranteed under the United States Constitution which are just as sacred as Democratic party primary voting is to our nation is hypocritical, arbitrary and shows how unnecessary Defendant Northam's orders under EO-55 are, based on actions by Defendant Northam which favor his political party while restricting the political activities of his opponents.  Furthermore, Defendant Northam's orders under EO-55 are arbitrary and subjectively punish a vast number of citizens because Defendant Northam's orders impose moral values on the subjects of his order based on Defendant Northam subjective moral judgment, such as making exceptions for some activities on public beaches while prohibiting others; such as making a moral evaluation that religious gatherings are not as essential as voting in primaries.  This is supported by the facts in paragraph 13, 14, 23, 24, 25and 26.

*Claim related to Second Cause of Action*

46.    **For these reasons, Defendant Northam's actions and the Commonwealth's actions which issued Defendant Northam's EO-55 orders were actions under color of**

statute, ordinance, regulation, custom, and/or usage, of the State organized as the Commonwealth of Virginia, which subjected (or subjects), or caused (or causes) to be subjected, Tolle and all other citizens of the United States or other persons within the jurisdiction of Virginia to the deprivation of the rights, privileges, or immunities secured by the First Amendment of the Constitution. Such actions of Defendants' are a violation of 42 U.S.C § 1983 which have caused Tolle to suffer injuries and damages, including, but not limited to, loss of right to exercise his Constitutionally protected rights, liberties and freedoms, loss of right to use his property as desired, and other damages in an amount to be proved at trial according to proof, including but not limited due to, damage to his reputation, injury to his profession and business, emotional harm, and exposure to distrust, contempt, and unfair treatment.

47.    If the facts presented in this Second Cause of Action are taken as true, it is probable that the Defendant Northam's orders under EO-55 abridges the right of Tolle and all other healthy United States citizens in Virginia to assemble without a consensus of medical science justifying action against healthy citizens. The facts show that Defendant Northam's orders under EO-55 severely and unnecessarily restrict the freedom of Tolle and others to assemble such that Defendant Northam's orders make it a crime for Tolle and others to gather more than 10 people together at any location to publicly oppose the Defendants' actions. Based on the fact that the pleaded factual content should allow the Court to draw a reasonable inference that Defendants' actions in ordering EO-55 or carrying out EO-55 were/are actions under the color of a statute, regulation, custom, and/or usage, of the Commonwealth of Virginia which serves to deprive Tolle and other citizens in Virginia the rights, privileges and immunities secured by the First Amendment of the United States Constitution, the claims included within this Second Cause of Action are based on non-conclusory statements of fact and are facially

plausible.

48. Tolle requests award of attorney's fees pursuant to 42 U.S.C § 1988.

## AS AND FOR A THIRD CAUSE OF ACTION

### VIOLATION OF FOURTH AMENDMENT

49.     Tolle re-alleges and incorporates the above allegations of this complaint as if set forth fully herein.

50.     The Fourth Amendment of the United States Constitution states: "The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated...."

51.     42 U.S.C § 1983 states: "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress...."

52.     Defendant Northam's order under EO-55 prohibits all "public and private in-person gatherings of more than ten individuals....", explicitly including "whether they occur indoor or outdoor" and makes it a crime if individuals violate this order.   This is substantiated by facts in paragraph 23 and 25.

53.     By prohibiting private all in-person private gatherings on the personal property and even within the homes of United States citizens in Virginia, making it a crime if such gathering is greater than 10 persons and includes any person who is not a family member, Defendant Northam's order intends to intrude into the personal property and homes of United

15

States citizens farther than any author of the Fourth Amendment ever dreamed and to a greater extent than any elected official has ever done before in American history. The only effective way for Defendant Northam to carry out the prohibitions in the order is to invade the private domicile of American citizens with the full force of the State, as was once possible in the American colonies under the tyrannical rule of an all-powerful monarch, such act being the very thing that the authors of the Fourth Amendment intended to prevent American executives from ever having the power to do. For these reasons, Defendant Northam's order under EO-55 was/is a regulation, custom or usage which causes Tolle and every United States citizen in Virginia to be deprived of his or her right to be secure in his person, house, property and effects, such right, privilege or immunity being explicitly guaranteed by the Fourth Amendment of the United States Constitution. Furthermore, Defendant Northam's order under EO-55 was/is an action under the color of statute or ordinance which violates Tolle's Constitutional rights because Defendant Northam's order makes it a crime under § 44-146.17 for an individual to violate his order. This is substantiated by facts in paragraph 23 and 25.

54.    Defendants' orders under EO-55 which abridges the rights of citizens in Virginia to be safe from the unrestrained power of government authorities on their own property and in their own home is an unnecessary abuse of the executive emergency power granted by the legislature to respond to medical crises. Never before has the quarantine power been used to such an extent against healthy people, with Defendant Northam's order allowing the invasion of any home throughout the entirety of the Commonwealth of Virginia without any requirement for probable cause other than the Governor's warped theory that more than ten persons indoors, in a space of any size, is itself a crime. Defendant Northam's orders also ignore the fact that larger properties and home can safely accommodate groups of more than ten people without even violating the President's guidelines of safe distance. This is supported by the facts in paragraph

26.

55.      Furthermore, Defendant Northam's unprecedented power to restrict any citizen within the privacy of his or her own home disproportionately deprives healthy people of their rights and are an unreasonable restriction on the right of citizens to be safe and secure within their own property and homes with whomever they choose to invite in because there is no consensus in medical science that persons not showing symptoms can endanger others or transmit the COVID-19 virus.  Defendant Northam's orders under EO-55 which prohibit the gathering of more than 10 people, even outside, are unnecessary since citizens can reasonably ensure that people without symptoms or those who are most vulnerable to the COVID-19 virus are not present in any gathering within their homes or on their property and it is possible for the government to find other means to protect the health and safety of citizens without depriving them of their Constitutional rights.  This is substantiated by facts in paragraphs 12, 13, 14, 15, 16, 17, and 18.

*Claim related to Third Cause of Action*

56.      **For these reasons, Defendant Northam's actions and the Commonwealth's actions which issued Defendant Northam's EO-55 orders were actions under color of statute, ordinance, regulation, custom, and/or usage, of the State organized as the Commonwealth of Virginia, which subjected (or subjects), or caused (or causes) to be subjected, Tolle and all other citizens of the United States or other persons within the jurisdiction of Virginia to the deprivation of the rights, privileges, or immunities secured by the Fourth Amendment of the Constitution.  Such actions of Defendants' are a violation of 42 U.S.C § 1983 which have caused Tolle to suffer injuries and damages, including, but not limited to, loss of right to exercise his Constitutionally protected rights, liberties and freedoms, loss of right to use his property as desired, and other damages in an amount to be**

proved at trial according to proof, including but not limited due to, damage to his reputation, injury to his profession and business, emotional harm, and exposure to distrust, contempt, and unfair treatment.

57.     If the facts presented in this Third Cause of Action are taken as true, it is probable that the Defendant Northam's orders under EO-55 abridges the right of Tolle and all other healthy United States citizens in Virginia to be secure in their property, homes, papers and effects.    The facts show that Defendant Northam's orders under EO-55 severely and unnecessarily restrict the freedom of Tolle and others to act in the privacy of their own homes when more than ten persons are gathered who include non-family membees and Defendant Northam's orders make it a crime for Tolle and others to choose to exercise their freedom within the security and privacy of their own home, even if Tolle is ensuring all persons in his home are following the President's guidelines.    Based on the fact that the pleaded factual content should allow the Court to draw a reasonable inference that Defendants' actions in ordering EO-55 or carrying out EO-55 were/are actions under the color of a statute, regulation, custom, and/or usage, of the Commonwealth of Virginia which serves to deprive Tolle and other citizens in Virginia the rights, privileges and immunities secured by the Fourth Amendment of the United States Constitution, the claims included within this Third Cause of Action are based on non-conclusory statements of fact and are facially plausible.

58.     Tolle requests award of attorney's fees pursuant to 42 U.S.C § 1988.


<u>AS AND FOR A FOURTH CAUSE OF ACTION</u>

VIOLATION OF FOURTEENTH AMENDMENT

59.     Tolle re-alleges and incorporates the above allegations of this complaint as if set forth fully herein.

60.     The Fourthteenth Amendment of the United States Constitution states: "No state shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any state deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws."

61.     42 U.S.C § 1983  states:  "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress…."

62.     Defendant Northam's order under EO-55 substantially, unnecessarily and arbitrarily violates the Constitutional rights of Tolle and other citizens in Virginia for several reason as shown in the preceeding, including direct and immediate violation of rights under the First and Fourth Amendments, *supra.*

63.     By depriving Tolle and other citizens of the liberty to travel to and conduct their religion, by depriving Tolle and other citizens of the liberty to travel outside their residences and to gather and assemble as they choose, and by depriving Tolle and other citizens their right to have the liberty to do what they choose on their own property and deny Tolle and other citizens of the free use of their own homes, Defendant Northam and the Defendants who carry out EO-55 are causing direct violation of Tolle and other United States citizens rights under the Fourteenth Amendment.  This is substantiated by the facts given in the previous sections showing violations of the rights of Tolle and others under the First and Fourth Amendments, *supra.*

64.     Furthermore, by arbitrarily, unnecessarily and disproportionately directing his orders against citizens who are healthy or have no evidence of being infected with the COVID-

19

19 virus, Defendant Northam is unfairly treating healthy people the same as sick people and using his quarantine and emergency powers against all in an unprecedented and extreme way. This is akin to using the criminal powers of the Commonwealth's government against innocent people. Such action violates the right to equal protection under the law as guaranteed under the Fourteenth Amendment. Furthermore, by no allowing any healthy person to escape from the severe restrictions and powers of the Virginia government in any reasonable way, Defendant Northam is violating the substantive due process rights of all healthy people in the Commonwealth of Virginia. This is substantiated by the facts in paragraph 21, 22, 23, 24, 25, and 26.

65.    For these reasons, Defendant Northam's order under EO-55 was/is a regulation, custom or usage which causes Tolle and every United States citizen in Virginia to be deprived of his or her liberty and property, such right, privilege or immunity being explicitly guaranteed by the Fourthteenth Amendment of the United States Constitution.

66.    Defendant Northam's order under EO-55 is also a violation of the right of Tolle and other citizens who are healthy to have equal protection under the law and deprives Tolle and other citizens who are healthy substantive due process rights to avoid being penalized under Defendant Northam's orders. Furthermore, Defendant Northam's order under EO-55 was/is an action under the color of statute or ordinance which violates Tolle's Constitutional rights because Defendant Northam's order makes it a crime under § 44-146.17 for an individual to violate his order. This is substantiated by facts in paragraph 25.

67.    Defendants' orders under EO-55 which are unprecedented and abridge the rights of citizens in Virginia to be treated as innocent, healthy individuals with due process rights and equal protection under the law and the deprivation of these individual citizens' rights to liberty and property, are an unnecessary abuse of the executive emergency power granted by the

20

legislature to respond to medical crises.  Never before has the quarantine power been used to such an extent against healthy people, with Defendant Northam's order all persons within the entirety of the Commonwealth of Virginia without any requirement for probable cause or due process.  This is supported by the facts in paragraph 26.

68.     Furthermore, Defendant Northam's unprecedented power to deprive any citizen of the rights guaranteed under the Fourteenth Amendment simply because a person may  be sick, even a person without symptoms, disproportionately deprives healthy people of their rights because there is no consensus in medical science that persons not showing symptoms can endanger others or transmit the COVID-19 virus.  This is substantiated by facts in paragraphs 12, 13, 14, 15, 16, 17, and 18.

*Claim related to Fourth Cause of Action*

69.     **For these reasons, Defendant Northam's actions and the Commonwealth's actions which issued Defendant Northam's EO-55 orders were actions under color of statute, ordinance, regulation, custom, and/or usage, of the State organized as the Commonwealth of Virginia, which subjected (or subjects), or caused (or causes) to be subjected, Tolle and all other citizens of the United States or other persons within the jurisdiction of Virginia to the deprivation of the rights, privileges, or immunities secured by the Fourteenth Amendment of the Constitution.  Such actions of Defendants' are a violation of 42 U.S.C § 1983 which have caused Tolle to suffer injuries and damages, including, but not limited to, loss of right to exercise his Constitutionally protected rights, liberties and freedoms, loss of right to use his property as desired, and other damages in an amount to be proved at trial according to proof, including but not limited due to, damage to his reputation, injury to his profession and business, emotional harm, and exposure to distrust, contempt, and unfair treatment.**

70.     If the facts presented in this Fourth Cause of Action are taken as true, it is probable that the Defendant Northam's orders under EO-55 abridges the right of Tolle and all other healthy United States citizens in Virginia to have due process and equal protection under the law and not be unduly or arbitrarily deprived of their liberty and property rights.  The facts show that Defendant Northam's orders under EO-55 severely and unnecessarily restrict the liberty  of Tolle and other citizens to travel, worship and assemble freely and to act as they choose in the privacy of their own homes and Defendant Northam's orders make it a crime for Tolle and other citizens to exercise their libery and property rights.  Based on the fact that the pleaded factual content should allow the Court to draw a reasonable inference that Defendants' actions in ordering EO-55 or carrying out EO-55 were/are actions under the color of a statute, regulation, custom, and/or usage, of the Commonwealth of Virginia which serves to deprive Tolle and other citizens in Virginia the rights, privileges and immunities secured by the Fourteenth Amendment of the United States Constitution, the claims included within this Fourth Cause of Action are based on non-conclusory statements of fact and are facially plausible.

71.     Tolle requests award of attorney's fees pursuant to 42 U.S.C § 1988.


## JURY DEMAND

72.     Tolle demands a trial by jury with respect to all issues and claims properly before a jury.

## PRAYER FOR RELIEF

WHEREFORE, based on the foregoing, Tolle demands judgment as follows:

A.      A declaration delimiting the proper use of emergency powers which protect citizens' Constitutional rights and define the balance of protection of public health and safety and protection of individual rights;

B.    Permanent Injunctive relief which prevents the execution of the provisions of Defendants' orders under EO-55 which violate the United States Constitution;

C.    An order requiring Defendants' compliance with the Constitution of the United States, including requiring accommodation of the free exercise of religion in places of worship to the maximum extent possible;

D.    An order requiring the Commonwealth of Virginia's and any other State's emergency orders related to COVID-19 to comply with the Constitution of the United States, including requiring accommodation of the free exercise of religion in places of worship to the maximum extent possible;

E.    Award of compensatory, general and special damages for Plaintiff according to proof at trial;

F.    Costs of suit, inclusive of reasonable attorneys' fees, expert witness fees, and other litigation expenses pursuant to 42 U.S.C § 1988;

G.    Appropriate interest, costs and disbursements, and such other and further relief as the Court may deem proper.

Dated:  March 31, 2020

Respectfully submitted,

By: _____

James Tolle
*Pro Se*
11171 Soldiers Court
Manassas, VA 20109
703-232-9970
jtmail0000@yahoo.com

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
**ALEXANDRIA DIVISION**

JAMES TOLLE,                                             Civil Action No. _____

                  Plaintiff,

                                             **COMPLAINT**

   v.

GOVERNOR RALPH NORTHAM and the COMMONWEALTH OF VIRGINIA

                  Defendants.

**LOCAL RULE 83.1(M)**
**CERTIFICATION**

**I declare under penalty of perjury that:**

**No attorney has prepared, or assisted in the preparation of this document (the present complaint).**

                              James Tolle
            -----------------------------------------
                 Name of *Pro Se* Party

            -----------------------------------------
                Signature of *Pro Se* Party

Executed on:  ___March 31, 2020___

24