UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

JAMES TOLLE,

    Plaintiff,

v.

GOVERNOR RALPH NORTHAM and the COMMONWEALTH OF VIRGINIA

    Defendants.

Civil Action No.

## PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION AND EXPEDITED HEARING (INCLUDING BRIEF MEMORANDUM OF LAW OF PLAINTIFF)

### PLAINTIFF'S MOTION

Pursuant to Fed. R. Civ. P. 65, Plaintiff moves for granting of a Preliminary Injunction to stay the execution of all or parts of Defendant Northam's orders under Executive Order 55 (2020) (hereinafter, "EO-55") and interim injunction or temporary restraining order (hereinafter, "TRO") requiring Defendants to publicly stay the execution of Defendant Northam's EO-55 and stop all enforcement of such EO-55. Should the Court decide against a stay of all parts of EO-55, Plaintiff respectfully requests that the Court grant a Preliminary Injunction and TRO which stays the parts of EO-55 which are material to the violations of Plaintiff's or other citizens' Constitutional rights, including one or all of the parts of the order included within all of paragraph 1, part of paragraph 1 stating "they must at all times maintain social distancing", paragraph 2, sub-paragraphs 2a and 2b, paragraph 5 and the section stating "Violation of paragraphs 2, 3, 4 and 5 of this Order shall be a Class 1 misdemeanor pursuant to § 44-146.17 of the *Code of Virginia*." If the Court does not grant relief to Plaintiff in the form of an immediate Preliminary Injunction and/or TRO, Plaintiff also moves for an expedited preliminary-injunction

1

hearing to address Plaintiff's need for urgent relief from Defendants' injury to his Constitutional rights.

## BRIEF MEMORANDUM OF LAW SUPPORTING PLAINTIFF'S MOTION

### TABLE OF AUTHORITIES

**Federal Cases**

*Bronx Household of Faith v. Bd. of Educ., N.Y*, 331 F. 3d 342 (2d Cir. 2003).................................................................5

*Lujan v. Defenders of Wildlife*
    504 U. S. 555 (1992)......................................................................3

*Winter v. Natural Res. Def. Council, Inc.*
    555 U. S. 7 (2008)...................................................................3, 5, 6

**Virginia Statutes**

Va. Code § 44-146.17.................................................................................8

### BACKGROUND

1. Defendant Governor Northam signed and issued EO-55 dated March 30, 2020. Tolle, a resident of Virginia, is subject to Defendant Northam's order and filed a complaint at the time of this motion, such complaint alleging injury due to violation of Tolle's and other citizen's rights under the First, Fourth, and Fourteenth Amendments of the United States Constitution, alleging the following under four claims:

    a) Injury to his right to attend religious services and worship as guaranteed by the First Amendment;

    b) Injury to his right to travel and assemble as guaranteed by the First Amendment;

    c) Injury to his right to be secure in his property, home, papers and effects as guaranteed by the Fourth Amendment;

d) Injury to his right to due process and equal protection under the law, including the right not to be deprived his liberty or property as guaranteed under the Fourteenth Amendment.

## ARGUMENT

2. The Supreme Court has set the standard for preliminary motion in the last decade by holding that a party seeking an injunction "must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Res. Def. Council, Inc.*, 555 U. S. 7, 129 S. Ct. 365, 172 L. Ed. 2D 249, 21 Fla. L. Weekly Fed. S. 547 (2008) (hereinafter, *"Winters"*).

3. Plaintiff argues that he is likely to succeed on the merits because he has standing and his complaint has presented a *prima facie* case for violations of his Constitutional rights. The Supreme Court has based Constitutional standing for judicial review on three factors: (i) concrete, particularized and actual or imminent; (ii) fairly traceable to the challenged action; and (iii) redressable by a favorable ruling. (see *Lujan v. Defenders of Wildlife*, 504 U. S. 555 (1992)) Each element can be addressed separately to establish Tolle's Constitutional standing. Although the Defendant Northam's order is not directed specifically against Tolle, the fact that the prohibitions in the order have an immediate effect on the personal behaviors of every family in Virginia and undoubtedly, almost every individual including Tolle. In Tolle's case, Defendant Northam's order specifically calling for restrictions on worship at Churches has led to Tolle's Church closing their public worship and Tolle being told that he can no longer practice the duties of the his position in the Church which was directly involved with public worship. Furthermore, Tolle is directly impacted by requiring him to change his behavior when he is outside and he is prohibited from assembling with like-minded healthy people who oppose Defendant Northam's

administration. Furthermore, the threat of criminal charges should Tolle violate restrictions under Defendant Northam's orders has personal jurisdiction for every citizen in Virginia. Tolle is currently healthy and the harm to Tolle's reputation which causes the government to treat Tolle like he is carrying the COVID-19 virus without any evidence has a direct personal impact to Tolle's behavior, mental anguish and welfare. All of these effects on Tolle's life are also actually realized since Defendant Northam's order. For these reasons, Defendants' injury to Tolle is a concrete and particularized invasion because the orders have an recognizable and immediate affect on Tolle which is specific to his person and will vary from how others are affected in individual ways based on Tolle's current life situation.

4. It should be clear that the alleged injuries to Tolle's Constitutional rights are fairly traceable to Defendant Northam's orders under EO-55 since without the orders, Tolle would not face criminal charges for non-compliance and he would have the freedom to choose which safe practices he would follow to avoid spreading the COVID-19 virus. Furthermore, since it is possible that Tolle's Church would open to public services again before the ending date of Defendant Northam's order if the order was stayed or modified to allow safe worship, it should be clear that the injury to Tolle's rights caused by Defendant Northam's actions and orders are redressable by obtaining injunctive relief. For all of these reasons, Plaintiff believes he has Constitutional standing which will allow him to prevail on the merits of his case.

5. In addition to having Constitutional standing, Tolle believes he has presented a *prima facie* case based on the facts presented in his complaint such that his claims are non-conclusory and of sufficient basis in uncontested facts that it is likely his arguments will survive any motion for directed verdict. It is also likely that Tolle will be able to convince a trial by jury that the preponderance of his peers agree that Defendant Northam's orders are an unprecedented invasion of their important Constitutional rights. Furthermore, Tolle believes that he will at least

be likely to secure a partial injunction for the injuries which are beyond repair, which he has no other adequate remedy at law if the Defendant Northam's orders should stand in tact, a partial injunction provides equitable remedy and is in the public's interest in protecting their own rights. For these reasons, Tolle believes that his request for a Preliminary Injunction meets the first element of *Winters* and that he is "likely to succeed on the merits".

6. The next element of *Winters* calls for irreparable harm. The Second Circuit has found a presumption of irreparable harm where the actions have directly limited the rights of the plaintiff. *Bronx Household of Faith v. Bd. of Educ., N.Y*, 331 F. 3d 342 (2d Cir. 2003). By this standard, the Court should find that a presumption of irreparable harm is warranted because Defendant Northam's orders directly limit Tolle's rights in several ways as delimited in his complaint. Putting aside the presumption of irreparable harm, Tolle also argues that Defendant Northam's actions are actually causing irreparable harm which increases for every day that the EO-55 orders are allowed to stand. Tolle is no longer able to practice the ministerial duties of his religion because Defendant Northam's orders have caused Tolle's Church to stop offering the public services which he participated in and there is no likelihood that Tolle will be able to practice this ministry as long as Defendant Northam's orders under EO-55 end. Each day that passes with Tolle's Church services closed due to the social distancing orders of Defendant Northam, Tolle is deprived of offering meaningful services to other Church members, some of whom may die before Defendant Northam's orders end. Furthermore, Tolle's ability to assemble and interact with like-minded people to oppose Defendant Northam's actions are critically crippled by Defendant Northam's restrictions on political gatherings. Every day that Defendant Northam's orders under EO-55 are in effect, Tolle and other citizens who are healthy will be unfairly treated like sick people and forced to forfeit their liberty by being quarantined without any medical consensus requiring it or any due process to allow Tolle or others to be removed

from suspicion. Additionally, if Tolle is charged criminally during the period of Defendant Northam's order for exceeding one of the restrictions, any criminal conviction will follow him for years as irreparable harm. For all of these reasons, Plaintiff believes that without preliminary relief, Defendant Northam's orders are causing him irreparable harm.

7. As far as *Winters'* element of equity siding with the Plaintiff, Tolle believes that the facts presented in his complaint show that Defendant Northam's actions and orders under EO-55 are so unprecedented and extreme in the history of the Republic that equity clearly calls for a tempering of at least some of the restrictions. As noted in the complaint, no use of emergency powers have been so sweeping and swept up so many innocent people not affected by the immediate crisis as Defendant Northam's actions, with the possible exception of the unconstitutional involuntary internment of Japanese-American citizens under President Roosevelt. If Defendant Northam's current actions and orders approach the inequities of that time, it should be clear that the Plaintiff's arguments should receive the balance of equity in this case. Furthermore, Tolle's complaint makes it clear that Defendant Northam's orders under EO-55 are an unprecedented abuse of the executive's quarantine powers. At no time in our history has the quarantine power been used to deprive so many healthy people in locations where there is not even any evidence of the virus as Defendant Northam's orders do today. For these reasons, Plaintiff believes that the balance of equity sides with his arguments in this case.

8. Finally, Plaintiff believes that his request for preliminary relief meets the *Winters* criteria for being in the public interest. Defendants can attempt to argue that it is in the public interest to quarantine every citizen in the entirety of Virginia out of an abundance of caution, even if there is no consensus of science to prove that persons who appear healthy are a threat to the public's health. However, if the Court accepts this extreme argument, our nation might as well void the Bill of Rights. The power to quarantine must be limited by a balance between what

is in the best interest of avoiding an outbreak and the interest of protecting the rights of persons who are not sick. A blanket quarantine over the entire Commonwealth and millions of persons who are not sick or even threatened yet by the disease cannot be considered a balance. Defendant Northam's orders should be considered extreme by any measure. At this time, it is the Court's role to restore some balance between the power of the executive and the rights of healthy citizens to receive their Constitutional rights. If the protection of individual rights to the maximum extent possible is viewed in the public interest, then preliminary relief from Defendant Northam's orders, even if only in part, must be part of the public interest.

## CONCLUSION

9. For the foregoing reasons, Plaintiff believes that the facts and the law support his request for preliminary relief. Therefore, Plaintiff seeks a Preliminary Injunction to stay the execution of all or parts of Defendant Northam's orders under Executive Order 55 (2020) (hereinafter, "EO-55") and TRO requiring Defendants to publicly stay the execution of Defendant Northam's EO-55 and stop all enforcement of such EO-55. Alternatively, Plaintiff seeks a Preliminary Injunction and/or TRO which partially stays Defendant Northam's orders under EO-55, including one or all of the parts of the order as follows:

a) All of paragraph 1;

b) Part of paragraph 1 stating "they must at all times maintain social distancing";

c) Paragraph 2;

d) Sub-paragraphs 2a and 2b;

e) Paragraph 5; and/or

f) The section stating "Violation of paragraphs 2, 3, 4 and 5 of this Order shall be a Class 1 misdemeanor pursuant to § 44-146.17 of the *Code of Virginia*."

10. If the Court does not grant relief to Plaintiff in the form of an immediate

Preliminary Injunction and/or TRO, Plaintiff respectfully requests for an expedited preliminary-injunction hearing to address Plaintiff's need for urgent relief from Defendants' injury to his Constitutional rights.

Dated: March 31, 2020

                                        Respectfully submitted,

                                        By: _____
                                                    James Tolle
                                                    *Pro Se*
                                                    11171 Soldiers Court
                                                    Manassas, VA 20109
                                                    703-232-9970,
                                                    jtmail0000@yahoo.com

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION**

JAMES TOLLE,                                                     Civil Action No. _____

                Plaintiff,

v.

GOVERNOR RALPH NORTHAM and the COMMONWEALTH OF VIRGINIA

                Defendants.

**LOCAL RULE 83.1(M)
CERTIFICATION**

**I declare under penalty of perjury that:**

**No attorney has prepared, or assisted in the preparation of this document (the present motion).**

                              James Tolle
                            -----------------------------------
                          Name of *Pro Se* Party

                            *[signature]*
                          -----------------------------------
                          Signature of *Pro Se* Party

Executed on:   April 1, 2020