RECEIVED
2020 APR -6 A 8:11
CLERK US DISTRICT COURT
ALEXANDRIA, VIRGINIA

FILED
APR - 6 2020
CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

JAMES TOLLE,

Plaintiff,

v.

GOVERNOR RALPH NORTHAM and the COMMONWEALTH OF VIRGINIA

Defendants.

Civil Action No. 1:20-cv-363

## MOTION FOR RECONSIDERATION OF COURT ORDER DENYING PRELIMINARY INJUNCTION, EXPEDITED HEARING AND SERVICE OF COMPLAINT BY UNITED STATES MARSHAL SERVICE

Plaintiff objects to the Court Order in this case dated April 1, 2020, in which the Court denied Plaintiff's motion for a Preliminary Injunction or Temporary Restraining Order (hereinafter, "TRO")[1], denied Plaintiff's request for expedited preliminary-injunction hearing pursuant to Fed. R. Civ. P. 65 and denied Plaintiff's separate request for service of complaint by United States Marshal Service and pursuant to Fed. R. Civ. P. 4(c)(3). Plaintiff respectfully requests the Court to reconsider his requests because the Court's rulings in this matter are in error for the following reasons:

a) Fed. R. Civ. P. 65 provides for the issuance of a TRO without notice to all parties, without a hearing, if the following is satisfied:

> "(A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required."

---

1 Plaintiff's Motion for Preliminary Injunction and Expedited Hearing (including Brief Memorandum Of Law Of Plaintiff) dated April 1, 2020 (hereinafter, "Orig. Motion & Br.")

1

Plaintiff's motion requested a TRO claiming irreparable harm and it was accompanied by a verified complaint which showed immediate and irreparable loss of Plaintiff's fundamental Constitutional rights. The complaint also provided evidence of why it was difficult during the State of Emergency to give notice, to the point of requiring assistance from the United States Marshal, giving reason why notice should not be required while the offices of the government are closed. The Court's failure to consider granting Plaintiff temporary relief from the injury caused by Defendants without a hearing during the "extraordinary circumstances" of these times is an error in law and an abuse of discretion.

    b) To the extent that Defendant Northam's Executive Order 55 (2020) (hereinafter, "EO-55") is a quarantine of individuals like Tolle and orders all (who do not meet the exceptions for essential business) to home confinement. EO-55 provides no due process to individuals affected by the order and the Court's Order denies Plaintiff any timely procedural due process during a quarantine, which is an error in law and violates Tolle's rights under the Fifth and Fourteenth Amendments. ("The Constitution requires some kind of hearing before the State deprives a person of liberty or property.", *Zinermon v. Burch*, 494 U.S. 113, 127 (1990); *see O'Connor v. Donaldson*, 422 U.S. 563 (1975) for discussion of due process for involuntary confinement for any reason.) Most states, including Virginia provide due process under statutes authorizing confinement due to isolation or quarantine. In Virginia, Va. Code § 32.1-48.010 provides for petition to Virginia Circuit Courts for redress of the abuse of quarantine powers:

> "A. Any person or persons subject to an order of quarantine or a court-ordered extension of any such order pursuant to this article may file an appeal of the order of quarantine as such order applies to such person or persons in the circuit court for the city or county in which the subject or subjects of the order reside or are located or the circuit court for the jurisdiction or jurisdictions for any affected area."

However in this case, Defendant Northam's orders under EO-55 do not avail citizens quarantined under the stay-at-home order any due process opportunity provided under Va. Code § 32.1-

48.010, as it would for all proper quarantine actions. In fact, EO-55 does not provide any citizen due process to avoid unnecessary quarantine restrictions. If this Court denies Tolle an opportunity for timely redress of the onerous restrictions which are depriving Tolle and other citizens of their liberty and property due to the virus, Tolle's due process rights under the Constitution will be summarily denied.

c) Even if Defendant Northam's actions and orders under EO-55 are not considered a quarantine, the Court's Order which extinguishes Tolle's opportunity for any timely due process in light of protracted injury and the most unprecedented and draconian measures under emergency powers probably since the Civil War is an error in law. Due process is an essential safeguard established over the course of centuries used by society to obtain fair judgment. ("This Court is not alone in recognizing that the right to be heard before being condemned to suffer grievous loss of any kind, even though it may not involve the stigma and hardships of a criminal conviction, is a principle basic to our society" *Joint Anti-Fascist Refugees Committee v. McGrath*, 341 U.S. 123, 168 (1951).) Even when the government authority is acting to deprive a citizen of property or liberty rights through its executive power, due process calls for procedural protections. ("Such a hearing need not take the form of a judicial or *quasi*-judicial trial, but the recipient must be provided with timely and adequate notice detailing the reasons for termination, and an effective opportunity to defend by confronting adverse witnesses and by presenting his own arguments and evidence orally before the decisionmaker." *Goldberg v. Kelly*, 397 U.S. 254, 254 (1970); "It has been said so often by this Court and others as not to require citation of authority that due process is flexible, and calls for such procedural protections as the particular situation demands....Its flexibility is its scope once it has been determined that some process is due; it is a recognition that not all situations calling for procedural safeguards call for the same kind of procedure." *Morrissey v. Brewer*, 408 U.S. 471, 481 (1972)) Even if the scope or form of

due process varies depending on the situation, it is clear that denial of fundamental property and liberty freedoms by the Defendants must include due process. In the infamous decision of *Korematsu v. United States*, the Supreme Court dealt with the denial of a U. S. citizens rights to liberty and property under emergency orders of government authorities. As in this case, where every healthy person is assumed to be guilty of being a possible transmitter of COVID-19 and must give up their rights to liberty and property to protect the interests of the State, the Exclusion Order in *Karamatsu* was based on the belief that all Japanese-American citizens were assumed to be guilty of being a collaborator with the Japanese empire and deprived these citizens their liberty and property under the guise of a State interest. The injustice of that decision is embodied in the following, which reminds the Petitioner of how Defendant Northam's orders is being applied to every person within the entire population, which makes it easy for Virginia to circumvent due process and avoid having to worry about segregating the sick from the healthy in today's environment:

> "Like curfew, exclusion of those of Japanese origin was deemed necessary because of the presence of an unascertained number of disloyal members of the group, most of whom we have no doubt were loyal to this country. It was because we could not reject the finding of the military authorities that it was impossible to bring about an immediate segregation of the disloyal from the loyal that we sustained the validity of the curfew order as applying to the whole group." (*Korematsu v. United States*, 323 U.S. 214, 219 (1944))

The dissenting opinion of Justice Jackson provided an echo of the traditions of our Republic at the time when the war panic of World War II (not too unlike the virus panic of today) was depriving vast numbers of U. S. citizens their Constitutional rights to property and liberty unjustly:

> "Korematsu was born on our soil, of parents born in Japan. The Constitution makes him a citizen of the United States by nativity, and a citizen of California by residence. No claim is made that he is not loyal to this country. There is no suggestion that, apart from the matter involved here, he is not law-abiding and well disposed. Korematsu, however, has been convicted of an act not commonly a crime. It consists merely of being present in the state whereof he is a citizen, near the place where he was born, and where all his life he

has lived." (Justice Jackson dissent, *Korematsu v. United States*, 323 U.S. 214, 243 (1944))

The *Korematsu* decision is a perfect example of a Court willing to sacrifice the fundamental rights of the Constitution for the expediency of a National Emergency. It is hoped that this Court would not want to issue rulings which are in keeping with the view of emergency powers that the Court in *Koramatsu* embraced. If this Court wants to view the use and abuse of the Executive's emergency powers against citizens differently than how the majority in *Koramatsu* did, granting Plaintiff's request for reconsideration of a TRO which immediately addresses the Constitutional questions in Defendant Northam's orders or proceedings for a Preliminary Injunction which will provide preliminary relief will go a long way towards demonstrating that.

    d) Failure of the Court to grant Plaintiff's requests for preliminary relief without reviewing the merits is an error in law (see *Reilly v. City of Harrisburg*, No. 16-3722, (3d Cir. 2017)).

    e) Plaintiff's Orig. Motion requested an expedited Preliminary Injunction hearing due to the "irreparable harm which increases for every day that the EO-55 orders are allowed to stand." (Orig. Motion & Br., p. 5.) The Court's Order which bases denial of Plaintiff's request for preliminary relief and expedited preliminary-injunction hearing on General Order 2020-07 is an error in fact and/or abuse of discretion. The Chief Judge's General Order 2020-07 (hereinafter, "EDVA G.O. 2020-7") does not preclude hearings where a "manifest injustice would result if such proceeding were not conducted on an expedited basis". (EDVA G.O. 2020-7, p. 5). Plaintiff's Orig. Motion & Br. requested expedited hearing despite the COVID-19 restrictions for the very purpose of seeking relief from injury to fundamental rights where a manifest injustice to Plaintiff and many other citizens would result if a proceeding were not expedited and Plaintiff makes such request again with this present motion. The Chief Judge's Order also does not

preclude expedited proceedings that are held via conference calls or video proceedings, stating:

> "Furthermore, this suspension of proceedings does not extend to conference calls or video proceedings scheduled or confirmed with presiding judge after the filing of General Order 2020-03". (EDVA G.O. 2020-7, Footnote 1)

The Court's Order which denies Plaintiff's request for expedited proceedings is clearly erroneous because the Chief Judge's General Orders do not preclude hearings for expedited preliminary-injunction meetings nor do they preclude proceedings by telephone or video conference. By denying Plaintiff's request for expedited proceedings, the Court has failed to properly use the discretion afforded to it in the Chief Judge's orders and/or has erred on the facts of what is allowed under the current General Orders.

f) Fed. R. Civ. P. 4(c)(3) states: "At the plaintiff's request, the court may order that service be made by a United States marshal or deputy marshal or by a person specially appointed by the court." Plaintiff's complaint requested such service due to the unprecedented conditions caused by the current emergency, noting that the "State of Emergency in Virginia has closed government offices which will make it difficult to serve Defendants" and that "the restrictions on travel imposed by Defendant Northam's orders under EO-55" presented challenges to the service of process by normal means. Plaintiff's complaint also argues that it will be in the interest of justice for the opposing party to be served as soon as possible despite these extraordinary conditions and restrictions so that all parties would be aware of the preliminary requests being made by Plaintiff's motions, including the present motion. The Court's Order which denied Plaintiff's request for service by the U. S. Marshal is an error in law because it does not apply Rules of Federal Civil Procedure properly in this case. Alternatively, if the application of this rule falls to the discretion of the Court, the Court's Order erred because it did not use proper discretion in determining the grave impact that Defendant Northam's order has on normal service

of process procedures and it did not properly weigh the benefits to the administration of justice that service by the U. S. Marshal would provide by more quickly notifying all parties of the proceedings in this case.

    g) The Court's denial of Plaintiff's request for service by the U. S. Marshall is also an error in fact or an abuse of discretion. The Court's Order states: "putting members of the United States Marshal Service at risk to serve this complaint would be inappropriate." Neither the President's Proclamation on Declaring a National Emergency Concerning the Novel Coronavirus Disease (COVID-19) Outbreak nor Defendant Northam's EO-55 orders have identified the United States Marshal Service as a non-essential function. The guidance concerning the operation of essential businesses and organizations provided by the Centers for Disease Control[2] does not recommend the cessation of essential functions during the COVID-19 pandemic and according to the CDC guidance, essential functions which are carried out with the proper safety practices are not inappropriate during this time. The Court's Order effectively treats the missions of the U. S. Marshal Service as less essential than those of the people filling the shelves at the local mini-mart or opening up banks every day during the current National Emergency. Plaintiff does not believe that the U. S. Marshal Service is any less essential than the businesses that are still opening up and functioning every day in spite of the COVID-19 threat and believes that it is clearly erroneous to believe that the Marshals cannot safely execute their duties when required by the Court. To the extent that the Court's denial of Plaintiff's request for service of process is based on the Court's discretion which finds it "inappropriate", the Court's Order erred due to abuse of discretion because this discretion is misplaced when it is not considered inappropriate under the CDC guidelines for the U. S. Marshals to carry out these duties, nor when other essential businesses are conducting similar operations.

---

2  See CDC website at https://www.cdc.gov/coronavirus/2019-ncov/community/guidance-business-response.html

h) If the Court fails to reconsider its Order, the current Court's Order will provide a collateral exception to *res judicata* in this case and be subject to appeal under 28 USC § 1992 as an interlocutory order for the following reasons:

- The Court's Order extinguishes all opportunities for Plaintiff to obtain preliminary relief and is therefore conclusive on this point
- The Court's Order concerning preliminary relief is separate from the merits of the Plaintiff's complaint
- The Court's Order will not be reviewable after final judgment on Plaintiff's complaint

For the foregoing reasons, Plaintiff respectfully requests the Court to reconsider the granting of a TRO and/or Preliminary Injunction or allowing an expedited preliminary-injunction hearing as requested in the present Motion and in Plaintiff's Orig. Motion & Br. Plaintiff seeks a Preliminary Injunction and/or TRO to stay the execution of all or parts of Defendant Northam's orders under EO-55 and TRO requiring Defendants to publicly stay the execution of Defendant Northam's EO-55 and stop all enforcement of such EO-55. Alternatively, Plaintiff seeks a Preliminary Injunction and/or TRO which partially stays Defendant Northam's orders under EO-55, including one or all of the parts of the order as follows:

a) All of paragraph 1;
b) Part of paragraph 1 stating "they must at all times maintain social distancing";
c) Paragraph 2;
d) Sub-paragraphs 2a and 2b;
e) Paragraph 5; and/or
f) The section stating "Violation of paragraphs 2, 3, 4 and 5 of this Order shall be a Class 1 misdemeanor pursuant to § 44-146.17 of the *Code of Virginia*."

Plaintiff believes that the inclusion of the section shown in item (f) above in Defendant Northam's EO-55 orders which makes violation of the other parts of the order a criminal offense is particularly harmful to the exercise of the Constitutional rights of Tolle and other citizens and if the Court fails to grant preliminary relief from any other part of Defendant Northam's orders, Plaintiff respectfully requests the Court to grant a TRO or Preliminary Injunction which at least stays the section stating: "Violation of paragraphs 2, 3, 4 and 5 of this Order shall be a Class 1 misdemeanor pursuant to § 44-146.17 of the *Code of Virginia*." Plaintiff believes that if the Court is so disposed, this action would make Defendant Northam's Executive Orders commensurate with what many other States are implementing under their stay-at-home orders and would represent a reasonable balance between the urgent need for preliminary relief and the needs of public health.

If the Court does not grant relief to Plaintiff in the form of an immediate TRO and/or Preliminary Injunction, Plaintiff respectfully requests for an expedited preliminary-injunction hearing to address Plaintiff's need for urgent relief from Defendants' injury to his Constitutional rights. Plaintiff respectfully requests an expedited hearing as an exception under the Chief Judge's General Orders in order to avoid a manifest injustice which would result if such proceeding were not conducted on an expedited basis. Should the Court prefer to avoid an in-person hearing, Plaintiff respectfully requests the use of alternative hearing procedures under the Chief Judge's orders including the use of telephone or video conference.

Dated: April 4, 2020

Respectfully submitted,

By: _____
James Tolle
*Pro Se*
11171 Soldiers Court
Manassas, VA 20109
703-232-9970
jtmail0000@yahoo.com

9

## CERTIFICATE OF SERVICE

I certify that on this ___6th___ day of ___April___, 2020, a true copy of the foregoing Motion for Reconsideration or Court Order Denying Preliminary Injunction, Expedited Hearing and Service of Complaint by United States Marshal Service was mailed via U. S. mail, first class, postage prepaid to all parties or counsels of record as appropriate for Fed. R. Civ. P. 5(b).

                                          Respectfully submitted,

                                          By: _____
                                               James Tolle
                                           *Pro Se*
                                           11171 Soldiers Court
                                           Manassas, VA 20109
                                           703-232-9970
                                           jtmail0000@yahoo.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

JAMES TOLLE,                              Civil Action No. 1:20-cv-363

             Plaintiff,

v.

GOVERNOR RALPH NORTHAM and the COMMONWEALTH OF VIRGINIA

             Defendants.

**LOCAL RULE 83.1(M)
CERTIFICATION**

I declare under penalty of perjury that:

No attorney has prepared, or assisted in the preparation of this document (the present motion).

James Tolle
-----------------------------------------
Name of *Pro Se* Party

_____(signature)_____
Signature of *Pro Se* Party

Executed on: _April 4, 2020_

11