IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| JAMES TOLLE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 1:20-cv-363 (LMB/MSN) |
| ) | |
| GOVERNOR RALPH NORTHAM and the ) | |
| COMMONWEALTH OF VIRGINIA, ) | |
| ) | |
| Defendants. | |

ORDER

On April 1, 2020, plaintiff pro se James Tolle ("plaintiff" or "Tolle")[1] filed a civil complaint along with a Motion for Preliminary Injunction and Expedited Hearing in which he alleged that Virginia's Temporary Stay at Home Order Due to Novel Coronavirus (COVID-19) ("the Executive Order") violated his constitutional rights, and sought a whole or partial stay of execution of that order.[2] He also asked the Court to order service of his complaint on defendants by the United States Marshals Service pursuant to Federal Rule of Civil Procedure 4(c)(3). Plaintiff's motions were denied because, although plaintiff claimed he was entitled to emergency relief, the Court found that "the only current emergency is the one caused by the Coronavirus," and that "[i]n these exigent and extraordinary circumstances, putting members of the United States Marshals Service at risk to serve this complaint would be inappropriate. Nor is an

---

[1] Although plaintiff's complaint states that he "has never had a complaint heard in this Court prior to the present complaint," [Dkt. No. 1] ¶ 8, in fact he has another complaint pending before this court in which he alleges that he was subjected to a hostile work environment based on his religion and constructively discharged because his employer placed "Gay Pride flag[s]" on its flag poles for a 30-day period, after which plaintiff left his job. See Tolle v. Rockwell Collins Control Technologies, Inc., No. 1:20-cv-174.

[2] In his complaint, plaintiff seeks money damages in addition to injunctive and declaratory relief.

expedited hearing warranted, given that the Chief Judge for this district has issued General Order 2020-07, which postpones all civil and criminal in-person proceedings through May 1, 2020 due to the virus." [Dkt. No. 5]. Plaintiff has moved for reconsideration, arguing in part that the Court's order is similar to Korematsu v. United States, 323 U.S. 214 (1944) in which the Supreme Court upheld the internment of Japanese-Americans during World War II. For the reasons that follow, this motion will be denied.

"The grant of a [temporary restraining order (TRO)] or a preliminary injunction is an 'extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief.'" Fowler v. Wells Fargo Home Mortg., Inc., No. 15-cv-1084, 2015 WL 2342377, at *2 (D. Md. May 13, 2015) (quoting Dewhurst v. Century Aluminum Co., 649 F.3d 287, 290 (4th Cir. 2011)). "The party seeking a preliminary injunction must . . . demonstrate all of the following: (1) that [he] is likely to succeed on the merits of its claim; (2) that [he] is likely to suffer irreparable harm in the absence of a preliminary injunction; (3) that the balance of equities tips in [his] favor; and (4) that the injunction is in the public interest." Accident, Injury & Rehab., PC v. Azar, 943 F.3d 195, 201 (4th Cir. 2019) (emphasis in original) (citing Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 20 (2008)).

Even if plaintiff were likely to succeed on the merits and to suffer irreparable harm in the absence of preliminary relief, his motion for injunctive relief fails because he has not established that the balance of equities tip in his favor or that an injunction is in the public interest. The alleged harms to plaintiff include the temporary inability to participate in public worship at his church and to conduct his duties as a practicing member of his church's lay ministry for the brief period that remains before the Executive Order expires. Although the Court recognizes plaintiff's constitutional concerns, those concerns do not outweigh the severe harm defendants would suffer

if they could not enforce the Executive Order. Moreover, it is no exaggeration to recognize that the stakes for residents of the Commonwealth are life-or-death. Granting plaintiff's motion for injunctive relief at this time would also disserve the public interest, because enabling large groups to gather in April and May 2020 without practicing social distancing, as Tolle seems to be requesting, could facilitate the spread of the virus and endanger the lives of many Virginians, particularly given that Coronavirus cases in the Commonwealth are expected to peak during that period.

None of plaintiff's other arguments in support of his motion are persuasive. For example, plaintiff suggests that the Executive Order is unprecedented. Although that may be true, the crisis imposed by the Coronavirus is also unprecedented, and the danger this crisis poses to the welfare of all residents in this Commonwealth as well as its neighboring states, fully justifies denial of plaintiff's motion.

Plaintiff also argues that a hearing on the motion should be held on Friday, April 24, 2020; however, under the local rules "the Court may rule upon motions without an oral hearing," Local Civ. R. 7(J), and a hearing would not aid in the decisional process. Finally, plaintiff continues to argue that the Court should order the United States Marshals Service to serve his complaint on defendants. Under Federal Rule of Civil Procedure 4(c)(3), service by the United States Marshals Service is not required. Rule 4(c)(3) provides that "[a]t the plaintiff's request, the court <u>may</u> order that service be made by a United States marshal or deputy marshal or by a person specially appointed by the court." <u>Id.</u> (emphasis added). "If the plaintiff is proceeding in forma pauperis . . . , service by the United States Marshal is mandatory . . . . If the plaintiff is not proceeding in forma pauperis . . . , the decision falls within the discretion of the court." <u>Blackburn v. Catawba Cty., N. Carolina</u>, No. 5:19-cv-101, 2020 WL 718272, at *3 (W.D.N.C.

Feb. 12, 2020) (citing Fed. R. Civ. P. 4(c)(3)). Plaintiff is not proceeding in forma pauperis. Accordingly, it is within the Court's discretion to determine whether to order service by the United States Marshals Service. For the reasons articulated in the Court's previous order denying plaintiff's motion for preliminary injunction, and because of the ongoing threats posed by the Coronavirus, the Court finds that service by United States Marshals Service personnel is inappropriate at this time.[3] For all of these reasons, it is hereby

ORDERED that plaintiff's Motion for Reconsideration of Court Order Denying Preliminary Injunction, Expedited Hearing and Service of Complaint by United States Marshal [sic] Service [Dkt. No. 7] be and is DENIED; and it is further

ORDERED that the hearing requested for Friday, April 24, 2020 be and is CANCELLED.

The Clerk is directed to forward copies of this Order to plaintiff, pro se.

To appeal this decision, plaintiff must file a written notice of appeal with the Clerk of the Court within thirty (30) days of the date of entry of this Order. A notice of appeal is a short statement indicating a desire to appeal, including the date of the order plaintiff wants to appeal. Plaintiff need not explain the grounds for appeal until so directed by the court of appeals. Failure to file a timely notice of appeal waives plaintiff's right to appeal this decision.

Entered this 8th day of April, 2020.

Alexandria, Virginia

/s/
Leonie M. Brinkema
United States District Judge

---

[3] Plaintiff's complaint states that it is difficult "to find civilian process servers who can effect service" during this period, [Dkt. No. 1] ¶ 7, which underscores the dangers inherent in serving process at this time. This danger applies equally to the United States Marshals Service. Moreover, the resources of the United States Marshals Service are limited and must be reserved for courthouse security and other urgent matters.